Receipt Number
558175

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

JEREMY BROWN,

      Plaintiff

-vs-

Case: 1:07-cv-12377
Assigned To: Ludington, Thomas L
Referral Judge: Binder, Charles E
Filed: 06-04-2007 At 10:45 AM
CMP BROWN V. ASSET ACCEPTANCE, ET A
L (TAM)

**DEMAND FOR JURY TRIAL**

ASSET ACCEPTANCE, LLC, and
STERLING JEWELERS INC.,

      Defendants.

---

Adam G. Taub (P48703)
Lyngklip & Taub Consumer Law Group, PLC
Attorney For Jeremy Brown
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 746-3790

---

## COMPLAINT & JURY DEMAND

### Jurisdiction

1. This court has jurisdiction under the FDCPA, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

### Parties

3. The Plaintiff to this lawsuit is Jeremy Brown who resides in Midland, Michigan.

1

4.    The Defendants to this lawsuit are as follows:

    a.    Asset Acceptance, LLC ("Asset Acceptance") which is a corporation doing business in Michigan at PO Box 2036, Warren, MI 48090, and whose resident agent, The Corporation Company, maintains its office at 30600 Telegraph Road Suite 2345, Bingham Farms, MI 48025.

    b.    Sterling Jewelers Inc. ("Sterling Jewelers") which is a corporation doing business in Michigan and whose resident agent, The Corporation Company, maintains its office at 30600 Telegraph Rd #2345, Bingham Farms, MI 48025.

## Venue

5.    The transactions and occurrences which give rise to this action occurred in Midland County.

6.    Venue is proper in the Eastern District of Michigan.

## General Allegations

7.    Some time prior to January 19, 2007, Asset Acceptance was engaged by Sterling Jewelers Inc. to collect a debt allegedly owed by someone named Jeremy D. Davis.

8.    The Defendants decided to collect the alleged debt from Plaintiff instead of the person who owed the debt, in spite of actual knowledge that these were different people.

9.    No contract or law obligated the Plaintiff to pay any sum the Defendants attempted to collect from him.

10.   On or about January 19, 2007, Asset Acceptance communicated with Jeremy Brown for the first time.

2

11.    On or about January 19, 2007, Asset Acceptance sent its validation notice pursuant to 15 U.S.C. 1692g to Jeremy Brown.

12.    On or about January 30, 2007 Jeremy Brown disputed that he owed the debt, requested that Asset Acceptance validate the debt and to cease and desist contact until his request for validation had been satisfied.

13.    Asset Acceptance reported the debt on Jeremy Brown's consumer report as being owed and placed for collection in February of 2007 without noting that the debt was disputed.

14.    Asset Acceptance's trade line is false, misleading and inaccurate.

15.    Sterling Jeweler's reported the debt on Jeremy Brown's consumer report as being owed and placed for collection in February of 2007 without noting that the debt was disputed.

16.    Sterling Jeweler's trade line is false, misleading and inaccurate.

## **COUNT  I – Fair Debt Collection Practices Act (Asset Acceptance)**

17.    Mr.  Brown incorporates the preceding allegations by reference.

18.    At all relevant times Asset Acceptance – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

19.    Asset Acceptance is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

20.    Asset Acceptance 's foregoing acts in attempting to collect this alleged debt against Mr. Brown constitute violations of the FDCPA including, but not limited to the following:

3

a.   Asset Acceptance failed to cease communication with Mr. Brown after he notified Asset Acceptance in writing that he refused to pay the a debt or alternatively wished Asset Acceptance to cease further communication, in violation of 15 U.S.C.§ 1692c(c).

b.   Asset Acceptance used generally false, misleading or unfair methods to collect the debt., in violation of the general prohibitions in 15 U.S.C. §1692e.

c.   Asset Acceptance made a false representation of the character, amount, or legal status of the debt in violation of 15 U.S.C. §1692e(2).

d.   Asset Acceptance communicated or threatened to communicate credit information which is known or which should be known to be false, in violation of 15 U.S.C. §1692e(8).

e.   Asset Acceptance used unfair or unconscionable means to collect or attempt to collect the debt, in violation of the general prohibition in 15 U.S.C. 1692(f).

f.   Asset Acceptance collected an amount without express authorization under the agreement creating the debt or other statutory authority in violation of 15 U.S.C. 1692(f)(1).

g.   Asset Acceptance failed to validate the debt and continued to collect in spite of a written request to validate in violation of 15 USC §1692g.

h.   Mr. Brown has suffered damages as a result of Asset Acceptance's violations of the FDCPA.

4

## COUNT II – Michigan Debt Collection Practices Act (Asset Acceptance)

21.     Mr. Brown incorporates the preceding allegations by reference.

22.     Asset Acceptance is a "regulated person" under the Michigan Debt Collection Practices Act ("MDCPA"), M.C.L. § 445.251(g)(xi).

23.     Asset Acceptance 's foregoing acts in attempting to collect this alleged debt against Mr. Brown constitute violations of the Michigan Collection Practices Act, M.C.L. § 445.251 *et seq.* including, but are not limited to, the following

   a.     Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt in violation of M.C.L. §445.252(e).

   b.     Publishing, causing to be published, or threatening to publish lists of debtors, except for credit reporting purposes, when in response to a specific inquiry from a prospective credit grantor about a debtor in violation of M.C.L. §445.252(l).

24.     Mr. Brown has suffered damages as a result of Asset Acceptance's violations of the Michigan Collection Practices Act.

25.     Asset Acceptance's violations of the Michigan Collection Practices Act were willful.

## COUNT III – Michigan Collection Practices Act (Sterling Jewelers Inc.)

26.     Mr. Brown incorporates the preceding allegations by reference.

27.     Sterling Jewelers has engaged in violations of the Michigan Collection Practices Act, M.C.L. §445.251 *et seq.* including, but not limited to:

a.  Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt in violation of M.C.L. §445.252(e).

b.  Communicating information relating to a debtor's indebtedness to an employer or an employer's agent unless the communication is specifically authorized in writing by the debtor subsequent to the forwarding of the claim for collection, the communication is in response to an inquiry initiated by the debtor's employer or the employer's agent, or the communication is for the purpose of acquiring location information about the debtor in violation of M.C.L. §445.252(i).

c.  Failing to implement a procedure designed to prevent a violation by an employee in violation of M.C.L. §445.252(q).

28.  Mr. Brown has suffered damages as a result of these violations of the Michigan Collection Practices Act.

## Demand for Jury Trial

29.  Plaintiff demands trial by jury in this action.

## Demand For Judgment for Relief

30.  *Accordingly, Mr. Brown requests that the Court grant:*

   a.  *Equitable relief under statute and common law, in the form of a declaration that the amount sought by Defendant is not actually owed and an injunction prohibiting further collection of those amounts.*

   b.  *Actual damages.*

6

c.    *Statutory damages.*

d.    *Treble damages.*

e.    *Statutory costs and attorney fees.*

Respectfully Submitted,

LYNCKLIP & TAUB
CONSUMER LAW GROUP, PLC

By:

Adam G. Taub (P48703)
Attorney For Jeremy Brown
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 746-3790
AdamLaw@Pop.Net

Dated: June 1, 2007

7

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET
County in which action arose MIDLAND — ORIGINAL

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JEREMY BROWN

**DEFENDANTS**
ASSET ACCEPTANCE LLC, STERLING JEWELERS LLC

**(b)** County of Residence of First Listed Plaintiff  MIDLAND
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  MACOMB
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Adam G. Taub, Lyngklip & Taub Consumer Law Group, PLC
24500 Northwestern Hwy - Ste. 206, Southfield, MI 48075-2406
(248) 746-3790

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Select One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Select One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

Case: 1:07-cv-12377
Assigned To: Ludington, Thomas L
Referral Judge: Binder, Charles E
Filed: 06-04-2007 At 10:45 AM
CMP BROWN V. ASSET ACCEPTANCE, ET A L (TAM)

## IV. NATURE OF SUIT (Select One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**TORTS**
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability
PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other
**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157
**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark
**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))
**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☑ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Access to Justice
☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

## V. ORIGIN (Select One Box Only)
☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1692k(d) and 28 USC 1331,1337
Brief description of cause:
The above named defendants have violated the Fair Debt Collection Practices Act and other state law claims out of the same transaction

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE ___ DOCKET NUMBER ___

DATE 6/1/07   SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

JANT TO LOCAL RULE 83.11

1.        Is this a case that has been previously dismissed?                    ☐ Yes
                                                                                ☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.        Other than stated above, are there any pending or previously
          discontinued or dismissed companion cases in this or any other        ☐ Yes
          court, including state court? (Companion cases are matters in which    ☑ No
          it appears substantially similar evidence will be offered or the same
          or related parties are present and the cases arise out of the same
          transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


Notes :